IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

LINDA BAILEY                                                                                          PLAINTIFF

vs.                                         Civil No. 1:25-cv-1035

FRANK BISIGNANO,                                                                                  DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Linda Bailey ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (ECF No. 8.)  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff filed her disability application on May 14, 2022. (Tr. 18.)[1] In this application, Plaintiff alleges being disabled due to degenerative disc disease, levoscoliosis, lower back pain, neck pain, headaches, bulging discs, hypertension, and left knee surgery. (Tr. 213.) Plaintiff alleged

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___." The transcript pages for this case are referenced by the designation "Tr." and refer to the document filed at ECF No. 9.  These references are to the page number of the transcript itself not the ECF page number.

1

an onset date of November 20, 2020. (Tr. 18.) Plaintiff's application was denied initially on January 3, 2023, and again upon reconsideration on June 8, 2023. *Id*.

Plaintiff requested an administrative hearing on her denied application and this request was granted. (Tr. 18.) An Administrative Law Judge ("ALJ") conducted the hearing via telephone on February 14, 2024. (Tr. 35-53.) At this hearing, Plaintiff was present and represented by Randolph Mark Baltz. *Id*. Plaintiff and Vocational Expert ("VE"), William M. Stampley, both testified at the hearing. *Id*.

On May 29, 2024, the ALJ entered an unfavorable decision. (Tr. 14-34.) In this decision, the ALJ determined Plaintiff met the insured status requirements of the Social Security Act through March 31, 2024. (Tr. 20, Finding 2.) Additionally, the ALJ determined Plaintiff had not engaged in substantial gainful activity since November 20, 2020, which is the alleged onset date. (Tr. 20, Finding 2.)

The ALJ then determined Plaintiff had the severe impairments of disorder of the cervical spine, disorder of the lumbar spine, disorder of the left knee, disorder of the feet, and carpal tunnel syndrome. (Tr. 20, Finding 3.) Despite being severe, the ALJ determined Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 21, Finding 4.)

The ALJ determined Plaintiff had the Residual Functional Capacity ("RFC") to perform light work as defined in 20 CFR § 404.1567(b), except can frequently handle/finger, and with no exposure to extreme humidity, cold or hazards such as dangerous machinery or unprotected heights. (Tr. 21, Finding 5.)

The ALJ determined Plaintiff was unable to perform any Past Relevant Work ("PRW"). (Tr. 26, Finding 6.) Additionally, the ALJ determined transferability of job skills is "not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is 'not disabled,' whether or not the claimant has transferable job skills." (Tr. 26, Finding 9.) Despite this, the ALJ found that based on Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. 26, Finding 10.) Based upon this finding, the ALJ determined Plaintiff had not been disabled under the Act, since November 20, 2020. (Tr. 27, Finding 11.)

On September 12, 2025, Plaintiff filed the present appeal. (ECF No. 2.) Both parties have filed appeal Briefs. (ECF Nos. 11, 13.) This case is now ready for decision.

2. **Applicable Law:**

In reviewing this case, the Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

If substantial evidence supports the ALJ's conclusion, the Court cannot reverse simply because substantial evidence also supports a different outcome. *Jones v. Astrue*, 619 F.3d 963, 968 (8th Cir. 2010); *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). Therefore, "if after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision." *Goff v. Barnhart*, 421 F.3d 785, 790-91 (8th Cir. 2005); *Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and prevents him or her from engaging in any substantial gainful activity. *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A), *Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. § 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of their RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920.

3. **<u>Discussion:</u>**

In her appeal brief, Plaintiff claims the ALJ's disability decision is not supported by substantial evidence in the record. (ECF No. 11.) In making this claim, Plaintiff argues the ALJ erred by (1) improperly formulating the RFC and (2) failing to consider Plaintiff's impairments of trochanteric bursitis of the right hip and edema of the bilateral lower extremities. *Id*. In response, Defendant argues the ALJ did not err in any of his findings. (ECF No. 13.)

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Although Plaintiff claims the ALJ erred in the RFC determination, the ALJ referenced multiple medical records in his RFC assessment and based his assessment off substantial evidence. (Tr. 18-28.) Both Dr. Michel and Dr. Norcross's medical evaluations determined Plaintiff is capable of standing and/or walking for about six hours in an eight-hour workday. (Tr. 25, 55-61, 63-69.) Additionally, the ALJ relied upon Plaintiff's medical records and determined she had full

strength in her upper and lower extremities, as well as improvement after her left knee arthroscopy, foot surgeries, and bilateral carpal tunnel release. (Tr. 23-24, 357, 604, 705, 864, 866, 871, 883, 887.) Correspondingly, Plaintiff's medical records indicate her pain was manageable with medication. (Tr. 347, 353, 356, 592, 602, 606, 613, 616, 708, 904.)

Plaintiff also claims ALJ failed to list bursitis and edema as severe impairments during Step Two of the evaluation. The ALJ found Plaintiff had severe impairments of disorder of the cervical spine, disorder of the lumbar spine, disorder of the left knee, disorder of the feet, and carpal tunnel syndrome. (Tr. 20, Finding 3.) When the ALJ finds a severe impairment and proceeds past Step 2, the labeling of an impairment as severe or non-severe has no legal significance; the medical record as a whole provides the basis for the determinations at Steps 3 and 4. *See* 20 C.F.R. §§ 404.1545(e); Social Security Ruling (SSR) 96-8p (the ALJ will consider all medically determinable impairments, even those that are non-severe, when assessing residual functional capacity). Here, the ALJ identified several severe impairments and proceeded to the RFC analysis, so the labeling of an impairment as severe or non-severe is of no consequence.

Additionally, Plaintiff failed to list the impairments of bursitis and edema in her application. (Tr. 213) The fact she did not allege these limitations as a basis for disability in her application for disability benefits is significant, even if the evidence of such was later developed. *See Smith v. Shalala,* 987 F.2d 1371, 1375 (8th Cir. 1993).

Finally, although the ALJ did not expressly reference bursitis and edema in the written decision, the ALJ's analysis demonstrates that he considered the underlying impairments, as evidenced by his reliance on medical records that document bursitis and edema. (Tr. 25, 55-61, 63-69.) The ALJ is not required to discuss every diagnosis or piece of evidence in the record, and

"failure to cite specific evidence does not indicate that it was not considered." *Craig v. Apfel*, 212 F.3d 433, 436 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010) (district court summarily affirmed the ALJ).

4. **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 23rd day of December 2025.**

/s/ *Spencer G. Singleton*
HONORABLE SPENCER G. SINGLETON
UNITED STATES MAGISTRATE JUDGE